IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA

In re:

**Jeffrey Thomas Lanum,**  Case No. 15-01807-als7
**Kimberly Joanne Lanum,**

              Debtor(s)

**Rebecca Ann Sterling,**
**Mark Gellerman,**  Adv. Pro. 15-30050-als

              Plaintiff(s)
   v.

**Jeffrey Thomas Lanum,**

              Defendant(s)

**MEMORANDUM OF DECISION**
**(date entered on docket: June 2, 2017)**

Before the Court is a complaint seeking to except debts owing to Rebecca Sterling ("Sterling") and Marc Gellerman ("Gellerman") from discharge pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4) and 523(a)(6). The Court has jurisdiction of this matter under 28 U.S.C. § 1334, 11 U.S.C. § 522, and Fed. R. Bankr. P. 4003.

BACKGROUND

Sterling began working as a sales representative under an employment contract with Russell Communications, LLC on June 8, 2009. According to a state court ruling the employment contract contained a summary of the terms and conditions of her employment, including salary, base pay, commissions and benefits. The original agreement was the subject of later amendments but it is unclear whether these were either executed or implemented. On August 9, 2010 Sterling was terminated. She then raised the issue of whether she was properly compensated during her employment. Gellerman filed suit on her behalf against Russell Communications, LLC in the Iowa District Court for Scott County Iowa (case number EQCE117125). By way of an amended complaint

Jeffrey Lanum ("Lanum") was added as a named defendant. Based upon a series of orders entered in the state court action Lanum and Russell Communications, LLC were held jointly liable to Sterling for damages arising under Iowa Code Chapter 91A and for Gellerman's attorney fees.

The adversary complaint in this case asserts that the amount of the state court judgments are properly excepted from Lanum's discharge because: he willfully and intentionally used Sterling's wages to pay his share of Sterling's Social Security and Medicaid taxes; he never intended to honor the employment contract which constitutes obtaining Sterling's services by making a false misrepresentation; and that he committed larceny by wrongfully using and converting wages owed to Sterling to satisfy his employer tax obligations. Although not specifically pled, it appears that Gellerman is asserting that because his attorney fees are related to litigation involving this conduct that the court ordered obligation owing to him is equally non-dischargeable. In response, Lanum maintains that Sterling received all amounts due for the reasonable value of her services under her employment contract, that there is no proof of a misrepresentation, that he did not engage in willful and malicious conduct against Sterling and that an exception to discharge based upon larcenery is inapplicable under the facts. This matter has been submitted to the Court on stipulated exhibits and written argument. The record before the Court in support of Plaintiffs' claim consists of the following 4 exhibits:

| | |
|---|---|
| Exhibit 1 | State Court Ruling and Order dated April 2, 2013 |
| Exhibit 2 | State Court Ruling and Order dated May 10, 2013 |
| Exhibit 3 | State Court Ruling and Order dated June 4, 2013 |
| Exhibit 4 | Copy of Iowa Code Chapter 91A |

DISCUSSION

The Wage Payment Collection statute at Iowa Code Chapter 91A provides a vehicle to facilitate collection by employees of wages that are not paid by employers. *Runyon v. Kubota Tractor Corp.*, 653 N.W.2d 582, 585 (Iowa 2002). The provisions of that statute do not apply to independent contractors. *Mujkic v. Lynx, Inc.,* 863 N.W. 2d 37 (Table), 2015 WL 1055307, *2 (Iowa Ct. App. March 11, 2015). Whether Sterling was an employee under the contract or an independent contractor was presented to the state trial court. This disagreement appeared to be fueled in part due to a combination of payments made under a guaranteed salary and a base plus commissions. In any event, the state court was persuaded that Sterling was an employee and entitled to relief under Chapter 91A. The statute provides for strict liability in assessing damages as follows:

> 91A.8 Damages Recoverable by an Employee.
>
> When it has been shown that an employer has intentionally failed to pay an employee wages or reimburse expenses pursuant to section 91A.3, whether as the result of a wage dispute or otherwise, the employer shall be liable to the employee for any wages or expenses that are so intentionally failed to be paid or reimbursed, plus liquidated damages, court costs and any attorney's fees incurred in recovering the unpaid wages and determined to have been usual and necessary. In other instances the employer shall be liable only for unpaid wages or expenses, court costs and usual and necessary attorney's fees incurred in recovering the unpaid wages or expenses.

Based upon this statutory provision, the state court awarded damages, stating:

> Because the corporation known as Russell Communications LLC has failed to follow the requirement of Iowa Code Chapter 91A the Plaintiff is entitled to payment of damages as requested. Additionally, under Iowa Code Chapter 91A, the Plaintiff had to retain counsel and the Defendant shall be responsible for payment of Plaintiff's attorney fees as requested.
>
> Additionally, the Court finds that due to the conduct of this corporation, there has been a ruling that adds Jeffrey T. Lanum as an individual defendant. He is not merely a manager, but instead is an individual defendant. He is therefore jointly and severally responsible along with the corporation for payment of the award made to the Plaintiff for damages.

Two subsequent state court orders were issued to add liquidated damages and to increase the attorney fee award on May 10, 2013 and June 4, 2013 respectively. According to the discharge complaint and written argument these amounts are owed as a result of the combined state court judgments: $592,526 in damages and liquidated damages to Sterling and $148,132 in attorney fees to Gellerman.

Dischargeability actions are narrowly construed against the creditor and in favor of the debtor. *See Lipka v. Donley* (*In re Donley*), 115 B.R. 502, 503 (Bankr. E.D. Pa. 1990) (citing *Koltman v. Hammill* (*In re Hammill*), 61 B.R. 555 (Bankr. E.D. Pa. 1986)). To be successful the plaintiff bears the burden of proof to establish the required statutory elements by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279(1991). To be successful, Sterling and Gellerman must establish their respective claims of non-dischargeability based upon and within the confines of their four exhibits.

1. Willful and Malicious Injury

Sterling contends that her damage award against Lanum under the state court judgment is non-dischargeable under 11 U.S.C. § 523(a)(6) as a "willful and malicious injury by the debtor to another

entity or to the property of another entity." The elements of willfulness and malice are analyzed separately. *Barclays American/Business Credit v. Long,* 774 F.2d 875, 880 (8th Cir. 1985). The Eighth Circuit has defined willful as "headstrong and knowing" conduct. *Johnson v. Miera (In re Miera)*, 926 F.2d 741, 743-44 (8th Cir. 1991). In interpreting this statute "[t]he word 'willful' modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury..." *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S. Ct. 974, 140 L. Ed. 2d 90 (1998).

Iowa Code Chapter 91A requires intentional conduct by an employer in failing to properly pay an employee. Presumably, the state court concluded that Lanum's conduct satisfied the intent requirement under the state statute because damages were awarded to Sterling. Thus, for purposes of this proceeding, the willfulness requirement under § 523(a)(6) has been satisfied. The second element under § 523(a)(6) requires a showing that the action was done maliciously with actual intent to cause injury to the creditor. *Kawaauhau v. Geiger*, 523 U.S. 57, 61 64 (1998). In this Circuit, the term malicious has been defined as conduct "targeted at the creditor . . . at least in the sense that the conduct is certain or almost certain to cause...harm." *Johnson v. Miera* (*In re Miera*), 926 F.2d 741, 743-44 (8th Cir. 1991). Sterling has not proven this level of targeted harm. Lanum had the authority to move funds between the businesses to pay obligations and he apparently routinely discussed how wage payments were to be made with the bookkeeper. There is no information in the record that indicates Lanum used any funds that were segregated for Sterling's wages that were utilized to cover employer tax liability. "Malice requires conduct more culpable than that which is reckless disregard of the creditor's economic interest and expectancies. . . A debtor's knowledge that he or she is violating the creditor's legal rights is insufficient to establish malice absent additional aggravating circumstances." *Econ. Dev. Growth Enters. Corp. v. McDermott (In re McDeromott)*, 434 B.R. 271, 283 (Bankr. N.D.N.Y. 2010) (internal citations omitted). "The mere failure to pay an obligation cannot be a willful and malicious injury in and of itself." *Orr v. Marcella* (*In re Marcella*), 463 B.R. 212, 220 (Bankr. D. Conn. 2011). "A breach of contract, or in this case, the violation of a strict liability statute, without conduct akin to an intentional tort, is not sufficient to render a debt nondischargeable." *Id.*

Sterling's allegations under § 523(a)(6) appear more closely related to the parties' dispute involving the calculation of, and failure to pay, her wages and commission. For the reasons stated Sterling has failed to meet her burden of proof to except the judgment amount from discharge under 11 U.S.C. § 523(a)(6).

    2.       Obtaining Services by a False Representation

11 U.S.C. § 523(a)(2)(A) provides that:

> A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by – false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

In this Circuit whether a debt is nondischargeable for false pretenses," "fraud" and "false representation" are examined under the same five factors. To be successful, a plaintiff must establish all of the following elements: (1) The debtor made a representation; (2) The debtor knew the representation was false at the time it was made; (3) The representation was deliberately made for the purpose of deceiving the creditor; (4) The creditor reasonably relied on the representation; and (5) The creditor sustained the alleged loss as the proximate result of the representation having been made. *R&R Ready Mix v. Freier (In re Freier)*, 604 F.3d 583, 587 (8th Cir. 2010). Sterling's complaint states:

> 27. Plaintiff Rebecca Ann Sterling alleges that as shown by his actions Debtor never intended to honor the terms of the employment agreement.
>
> 28. Since Debtor never intended to honor the employment agreement he obtained the services of Plaintiff by a false representation.
>
> 29. Debtor profited from his false representation and Plaintiff was harmed as a result.

Exhibits 1, 2 and 3 do not provide any information which would indicate that the parties' disputes were anything but a disagreement about the interpretation of or a breach of contract which resulted in a failure to pay wages to Sterling. "[T]o be actionable as fraud, the plaintiff must establish that the debtor entered into the contract with the intent of never complying with its terms." *First Baptist Church v. Maurer (In re Maurer)*, 112 B.R. 710, 713 (Bankr.E.D.Pa.1990) (citing *Seepes v. Schwartz (In re Schwartz)*, 45 B.R. 354 (S.D.N.Y.1985)). No evidence has been supplied that proves Lanum never intended to honor the employment contract at the time Sterling was employed. In fact, the state court ruling suggests that the failure to pay wages to Sterling was caused by a lack of money to meet that obligation. State court actions that do not involve a determination of all of the elements required under 11 U.S.C. § 523(a)(2)(A) are insufficient to except a debt from discharge. *Treadwell v. Lodge (In re Treadwell)*, 459 B.R. 394, 403 (Bankr. W.D. Mo. 2011). Without the required misrepresentation or intent having been established by the trial court's ruling Sterling is unable to satisfy her burden of proof to maintain an action under 11 U.S.C. § 523(a)(2)(A).

3.   Larceny

Sterling also alleges that her debt is subject to 11 U.S.C. § 523(a)(4) which excepts from discharge any debt arising from defalcation of a fiduciary, larceny or embezzlement. According to the filed documents Sterling asserts that Lanum's conduct amounts to larceny. By definition, larceny is the wrongful taking of property from the rightful owner with fraudulent intent to convert the property to the debtor's own use. *Little Family Farms Corp. v. Mortensen* (*In re Mortensen*), 415 B.R. 383, 390 (Bankr. S.D. Iowa 2009) (citing *Kaye v. Rose* (*Matter of Rose*), 934 F.2d 901, 903 (7th Cir.1991); *Dynamic Food Service Equip., Inc. v. Stern* (*In re Stern*), 231 B.R. 25, 26 (S.D.N.Y. 1999)). An exception to discharge for larceny under 11 U.S.C. § 523(a)(4) requires proof that the debtor wrongfully and intentionally took another's property. *Brown v. Heister (In re Heister)*, 290 B.R. 665, 674 (Bankr. N.D. Iowa 2003) (citing *In re Purdy*, 231 B.R. 310, 312 (Bankr. E.D. Mo. 1999)). The exception does not apply where the debtor's original possession of the items in question was lawful. *Werner v. Hofmann*, 5 F.3d 1170, 1172 (8th Cir. 1993). At all times the funds that were used (or not used) to pay Sterling's wages were the original property of either Russell Communications, LLC, or one of the other business entities in which Lanum was involved. An entity's or individual's use of its own property does not amount to larceny. For this reason Sterling has failed to meet her burden of proof under 11 U.S.C. § 523(a)(4).

4.   Attorney fees

Gellerman does not assert any separate grounds in his claim that would render his attorney fees non-dischargeable. Iowa Code Chapter 91A is intended to assist employees in wage disputes and collections. The statute permits an award of attorney fees that are incurred for successfully representing an employee in a claim under Iowa Chapter 91A. Gellerman's attorney fees arise by statute not from any conduct by Lanum. The dischargeability of attorney fees is dependent upon the status of the primary underlying debt from which they arise. *Jennen v. Hunter (In re Hunter)*, 771 F.2d 1126, 1130 (8th Cir. 1985). Sterling failed to meet her burden of proof to establish grounds for the judgments to be non-dischargeable. Consequently, that determination is equally applicable to Gellerman's claim for attorney fees.

IT IS HEREBY ORDERED

1. The complaint is dismissed;

2. The parties shall bear their own costs; and

3. Judgment shall enter accordingly.

/s/ Anita L. Shodeen
Anita L. Shodeen
U.S. Bankruptcy Judge

Parties receiving this Memorandum of Decision from the Clerk of Court:
Electronic Filers in this Adversary Proceeding